a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VLADISLAV TOLMACHEV #A249-375-590,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00045<br>SEC P |
| VERSUS | JUDGE DRELL |
| ALEJANDRO MAYORKAS ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition and Amended Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Vladislav Tolmachev ("Tolmachev"). ECF Nos. 5, 7, 9. At the time of filing, Tolmachev was an immigration detainee at River Correctional Center in Ferriday, Louisiana. He alleges that his continued detention is unlawful.

Because Tolmachev has been released, the Petition should be DISMISSED for lack of jurisdiction.

I. Background

Tolmachev is a native of Ukraine and citizen of Russia. ECF No. 15-1 at 1. His application for asylum was granted by the Immigration Judge, and Tolmachev was released from custody on July 30, 2025. Id.

II. Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Tolmachev was released from detention, the § 2241 claim is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because Tolmachev is no longer in custody, IT IS RECOMMENDED that the Petition and Amended Petitions (ECF Nos. 5, 7, 9) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, September 15, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE